IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY J. VITALE, AND THERESA VITALE, h/w** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **BUCKINGHAM MANUFACTURING COMPANY, INC.** | : | **NO. 03-CV-06845** |

## ORDER

AND NOW, this 7th day of July, 2005, upon consideration of defendant's Motion for Summary Judgment (Paper #35), plaintiffs' response thereto (Paper #37), and oral argument thereon, and for the reasons set forth in the foregoing MEMORANDUM, it is **ORDERED** that:

1. Defendant's Motion for Summary Judgment is **GRANTED** because plaintiff's claim is barred by the statute of limitations.

2. Plaintiffs' Motion in Limine to Preclude Any Expert Witness on Behalf of Defendant is **DENIED AS MOOT**.

/s/ Norma L. Shapiro
Norma L. Shapiro, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY J. VITALE, AND THERESA VITALE, h/w** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **BUCKINGHAM MANUFACTURING COMPANY, INC.** | : | NO. 03-CV-06845 |

**Norma L. Shapiro, S.J.**                                                                                          July 7, 2005

### MEMORANDUM AND ORDER

Plaintiffs, Anthony J. Vitale ("Vitale") and his wife Theresa Vitale, filed a complaint in the Philadelphia Court of Common Pleas. Defendant, Buckingham Manufacturing Company ("Buckingham"), removed this case to federal court. Plaintiffs are citizens of Pennsylvania. Defendant is a foreign corporation with its principal place of business in Buckingham, N.Y. The amount in controversy exceeds $75,000. Plaintiffs have asserted claims of negligence, strict liability in tort, and strict liability in tort for failure to warn. Both parties agree Pennsylvania law is controlling. Defendant has filed a motion for summary judgment asserting plaintiffs' complaint is barred by the statute of limitations.

**Facts**

Vitale began using defendant's pole climbing apparatus in October 1999, while training to be a line man for the Pennsylvania Energy Company ("PECO"). Plaintiff first reported bilateral knee pain to his family physician, Dr. Braunfeld, on October 10, 1999 (Def.'s Ex. D); Dr. Braunfeld characterized Vitale's injury as "[p]robably occupational." (Def.'s Ex. C).

Dr. Braunfeld referred Vitale to Dr. Kohl, who treated Vitale with cortisone shots and prescribed pain killers. (Def.'s Ex. D). On October 26, 1999, Dr. Kohl noted that "[t]his 40-year-old lineman trainee with PECO presents today with pain in his knees associated with pole climbing as part of his training." (Def.'s Ex. E).

On November 15, 2001, Vitale told Dr. Braunfeld that he had been having knee pain for approximately one year. Dr. Braunfeld noted that Vitale had probably suffered peroneal nerve damage. (Pls.' Ex. C). Dr. Braunfeld also checked the "work related" box on Vitale's PECO medical certification form. (Def.'s Ex. G). On December 13, 2001, Dr. Kenning, a neurological surgeon confirmed that Vitale had suffered peroneal nerve damage. (Def.'s Ex. E).

In November 2002, a ganglion cyst was discovered and removed from the same area as Vitale's peroneal nerve damage. Multiple medical experts concur that the cyst was also attributable to the pole climbing apparatus. (Pls.' Ex's G and H). Plaintiffs filed this complaint on November 19, 2003.

**Discussion**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Only a factual

dispute that might affect the outcome under governing law precludes the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When reviewing a motion for summary judgment, a court must evaluate the facts in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. Id. at 255. The judge must decide "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for a party producing it, upon whom the *onus* of proof is imposed . . . The mere existence of a scintilla of evidence in support of plaintiffs' position will be insufficient." Id. at 251.

In Pennsylvania, the statute of limitations for a personal injury claim is two years. 42 Pa.C.S. § 5524(2). If the injury and its cause are immediately ascertainable, the statute begins to run when the injury is suffered. See Ayers v. Morgan, 154 A.2d 788, 791 (Pa. 1959). If the injury or its cause is not immediately ascertainable, the discovery rule applies and the statute is tolled until the injured party knows, or a reasonably diligent person would know, of both the injury and its cause. Pocono Int'l Raceway, Inc. v. Pocono Produce, 468 A.2d 468, 472 (Pa. 1983).

When a factual dispute arises concerning when a reasonably diligent person would have known of the injury and its cause, summary judgment is not appropriate. Fine v. Checcio, 870 A.2d 850, 859 (Pa. 2005). When the facts are undisputed and "reasonable minds cannot differ . . . the commencement of the limitations period may be determined as a matter of law." Hayward v. Medical Center, 608 A.2d 1040, 1043 (Pa. 1992).

"[A] lack of knowledge, mistake, or misunderstanding do[es] not toll the running of the statute." Pocono, 468 A.2d at 471. The discovery rule does not apply if the injured party knows he is injured, but does not realize the full extent of his injury. Cardone v. Pathmark, 658 F. Supp. 38, 40 (E.D. Pa. 1987) (discovery rule did not apply to plaintiff who slipped and fell on defendant's property because she knew she was injured, although she did not recognize the severity of the injury); See Ayers, 154 A.2d at 792 (the discovery rule applied because it was "not a case where the act of negligence was known to the plaintiff but the extent of the damages which ensued therefrom was not ascertained until after expiration.").

In Fine, two patients brought claims against their respective dentists for malpractice more than two years after the date of surgery. Fine, 870 A.2d at 853. The Pennsylvania Supreme Court held that summary judgment was not appropriate because the parties disputed whether the dentists had given their patients assurances that concealed the injuries and prevented discovery of and their causes by reasonably diligent persons. Id. at 854-63. Plaintiffs in this action do not assert the defendant or any doctor attempted to conceal the extent or the nature of Vitale's injury.

Plaintiffs argue that Vitale did not know the extent of his injury until he was diagnosed with peroneal nerve damage on December 13, 2001. A reasonably diligent person who experienced knee pain caused by a pole climbing apparatus may not have immediately ascertained his injury and its cause. Plaintiff first reported knee pain caused by the pole climbing apparatus in 1999. Even if the discovery rule applied on these facts, it would not toll the statute beyond November 15, 2001, because on that day, Vitale's injury was diagnosed and attributed to his line of work. No reasonable juror could find that Vitale did not know, or should not have

known of, his injury and its cause by November 15, 2001. The statute of limitations began running no later than November 15, 2001.

During that visit, Dr. Braunfeld diagnosed Vitale as possibly suffering from peroneal nerve damage. Dr. Braunfeld also reported on Vitale's medical certification form for PECO disability benefits that the injury was "work related."[1] No reasonable juror could find that Vitale should not have known that he had been injured by the pole climbing apparatus any later than November 15, 2001.

Plaintiffs attempt to distinguish between "mild" and "severe" injury, but the exact scope of the injury is immaterial to the running of the statute of limitations. Cardone, 658 F. Supp. at 40. Plaintiffs explicitly acknowledge that it was a common peroneal nerve injury that progressively worsened over time, "developing" from a mild to severe right common peroneal neuropathy. (Pls.' Resp. to Summ. J. at 10). The use of the word "developing" confirms that it was the same injury.

Plaintiffs contend Vitale's ganglion cyst was a second, additional injury that did not manifest itself before August 2002; nothing in the record supports this contention. Even if the cyst appeared in August, 2002, Vitale's doctors believed the cyst formed as a result of his using the pole climbing apparatus. The cyst is an exacerbation of the original injury. The doctors did not refer to the nerve damage and the cyst development as separate events; the doctors placed the

---

1 On November 30, 2001, Dr. Kiel, a neurologist, reported that Vitale's injury "appears to be a right peroneal neuropathy." (Pls.' Ex. D). Dr. Kiel also believed that Vitale "does appear to cross his legs very frequently . . . [and] I think crossing his legs is the most likely etiology." (Pls.' Ex. D). Even if he followed Dr. Kiel's incorrect diagnosis of the cause, "[a] lack of knowledge, mistake, or misunderstanding do[es] not toll the running of the statute." Pocono, 468 A.2d at 471.

cyst on a continuing spectrum of injury. (Pls.' Ex's G and H). As Vitale continued to use the pole climbing apparatus, his injury progressed from mild to severe nerve damage until a ganglion cyst eventually formed.

Even if the nerve damage and cyst were separate injuries, plaintiffs' claims would be barred by the statute of limitations. If the first injury is barred by the statute of limitations, allowing plaintiffs to recover for a second related injury would circumvent the statute's underlying policy. U.S. v Kubrick, 444 U.S. 111, 117 (1979) (statutes of limitation represent a legislative judgment that defendants must be put on notice to defend in a limited period of time; after that limited time, the right to be free of old claims overrides the right to bring a claim). If the statute of limitations began anew every time a different type of injury resulted from the same causal action, the statute of limitations could be extended *ad infinitum* if the plaintiff repeatedly suffered injury.

**Conclusion**

Defendant's motion for summary judgment will be granted because plaintiffs' claim filed on November 19, 2003, is barred by the two-year statute of limitations. Even if the discovery rule applies, the statute is not tolled beyond November 15, 2001, when Vitale should have known of his injury and its cause.